## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| OOIDA RISK RETENTION GROUP, INC. §<br>§<br>§<br>§<br>Plaintiff §<br>§<br>v. §<br>§<br>DERRICK SHAMOYNE WILLIAMS §<br>§<br>§<br>Defendant § | CIVIL ACTION NO. 3:06-CV-01745 |

## COMPLAINT IN INTERVENTION

N'Gai Browning, individually and N'Gai Browning as next friend of T.M., a minor child, (collectively, "Intervenors"), file this Complaint in Intervention, and respectfully show the Court the following:

## I.
## NATURE OF SUIT

1.1    This is a declaratory judgment action in which Plaintiff OOIDA seeks a judicial declaration that Commercial Motor Carrier Policy No. PL 19954512 A ("the policy") issued on February 20, 2005 to Tony Gregg Moses (Senior) d/b/a Slim Shady Express does *not* provide coverage for Derrick Shamoyne Williams ("Defendant"), Defendant in a lawsuit in which he is alleged to be negligent in causing the death of Tony Gregg Moses ("Tony Moses") in a motor vehicle accident.

## II.
## PARTIES

2.1        Plaintiff, OOIDA Risk Retention Group, Inc. ("OOIDA"), is a Missouri

company with its principal place of business in Grain Valley, MO.

2.2        Defendant, Derrick Shamoyne Williams is an individual who resides in

Dallas County, Texas.

2.3        Intervenor N'Gai Browning is the wife of the decedent, Tony Moses,

whose death is the subject of the underlying lawsuit.

2.4        Intervenor N'Gai Browning as next friend of T.M., is the mother of T.M.,

one of the surviving minor children of decedent Tony Moses.

III.

## JURISDICTION AND VENUE

3.1      This is an action for declaratory judgment under 28 U.S.C. § 2201. There is a

justiciable controversy between OOIDA and Intervenors because OOIDA seeks to eliminate a

viable source of funding for any recovery Intervenors will obtain in the underlying lawsuit.

3.2      The court has jurisdiction under 28 U.S.C. § 1332. The matter in controversy

exceeds $75,000.00, exclusive of interest and costs, and is between another corporation and two

citizens of Texas.

## IV.
## FACTUAL BACKGROUND

4.1      Tony Moses was killed while riding as a passenger in a tractor-trailer rig owned

by him and operated by Defendant, his friend and sometime-helper. Moses occasionally asked

Defendant to help him on long-haul jobs, and he paid Defendant for his help, but Defendant was

not Tony Moses' employee.

**V.**

ORIGINAL PLEA IN INTERVENTION                                    **Page 2**

## RELEVANT PROVISIONS OF THE POLICY

5.1     A copy of the policy at issue is attached to OOIDA's Complaint as Exhibit A and is not reproduced here due to its volume, but is incorporated by reference where necessary.

5.2     The policy covers the vehicle used in the accident, a 1997 Peterbilt tractor in a 1999 utility flatbed trailer.  The policy has a limit of liability of $1,000,000.00 and additionally provides a duty to defend any potentially covered claims.

5.3     Williams was driving the tractor-trailer rig with Moses' permission, so Williams is an insured under the policy.

5.4     Williams is sued for negligently causing the death of Tony Moses, and if Plaintiffs in the underlying suit (and this suit) are successful, Defendant will be legally liable to pay damages because of bodily injury by an accident to which the policy applies.

5.5     OOIDA's suit alleges that one or more of the following exclusions contained in the policy apply and dictate that there is no coverage under the policy for the acts of Defendant that are alleged to be the cause of the death of Tony Moses:

**B.      EXCLUSIONS**

This insurance does not apply to any of the following:

     **1.      EXPECTED OR INTENDED INJURY**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

                    ***

     **3.      WORKER'S COMPENSATION**

        Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**

"Bodily injury" to:

    a.    An "employee" of the "insured" arising out of an in the course of:

        (1)    Employment by the "insured;" or

        (2)    Performing the duties related to the conduct of the "insured's" business or

    b.    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above

This exclusion applies:

        (1)    Whether the "insured" may be liable a an employer or in any other capacity; and

        (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

***

5. **FELLOW EMPLOYEE**

"Bodily injury" to any fellow "employee" of the "insured" arising out of an in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business

The Policy also contains the following "Occupant Hazard Exclusion" endorsement:

In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting there from, sustained by any person while in or upon, entering or alighting from the covered automobile.

It is further agreed that, in the even the Company shall, because of [a] provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such Bodily Injury or death resulting there from, the Insured agrees to reimburse the

Company for any and all loss, costs and expenses paid or incurred
by the Company.

## VI.
## CLAIM FOR DECLARATORY RELIEF

6.1    Intervenors ask this Court to declare that the policy *does* provide coverage and a

defense for Defendant for the allegations made against him in the underlying case and that none

of the exclusions or endorsements claimed by OOIDA apply to defeat coverage for Defendant in

connection with the accident.

6.2    Exclusion II B.1, the "expected or intended" exclusion, does not apply because

there is no pleading or evidence that the accident was expected or intended by either Defendant

or Tony Moses.  Also, Exclusion II B. 1 is void as a matter of law because it is against public

policy to exclude coverage for any innocent persons subject to the mandatory insurance laws of

the State of Texas and the laws of the United States.

6.3    Exclusion II B.3, the "worker's compensation" exclusion, does not apply because

Defendant was not an employee of Tony Moses, nor was Moses an employee of Defendant, and

Moses would not have been liable under a worker's compensation policy had Williams been the

party injured.  Furthermore, Moses was not working at the time he suffered his fatal injuries and

although he was an independent contractor/sole proprietor, at the time of the accident, he was a

mere innocent passenger.

6.4    Exclusion II B.4, the "employee indemnification" exclusion, does not apply

because Defendant was not an employee of Tony Moses.  He was, at most, a temporary worker.

Additionally, Moses was not an employee of the Defendant and was a mere innocent passenger.

Any attempt to avoid coverage based upon the "supposed status" of Moses as an employee

would be a violation of both public policy and statutory law of the State of Texas and the United States.

6.5    Exclusion II B.5, the "fellow employee" exclusion, does not apply because Defendant was not an employee of Tony Moses. Additionally, Moses was not an employee of the Defendant and was a mere innocent passenger. Any attempt to avoid coverage based upon the "supposed status" of Moses as an employee would be a violation of both public policy and statutory law of the State of Texas and the United States.

6.6    As a person driving the covered vehicle with Tony Moses' permission, Defendant was insured by the policy, Section II A.1.

6.7    The "Occupant Hazard Exclusion" endorsement does not apply to defeat coverage for Defendant in the County Court suit brought by Intervenors.  It is void because it is against public policy in Texas and is an attempt to circumvent state and federal laws regarding minimum financial responsibility.

6.8    The policy also contains an MCS-90 endorsement that provides as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

***

> ...endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency of bankruptcy of the insured. However, all terms, conditions limitations in the policy to which the endorsement is attached shall remain in full force and effect as

> binding between the insured and the company. The insured agrees to reimburse the company for any claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under provisions of the policy except for the agreement contained in this endorsement.

That endorsement requires OOIDA to pay any judgment against an insured for negligence in operation of a motor vehicle, whether coverage is excluded or not, and to recover from the insured if OOIDA is able to obtain a declaration that there is no coverage for the act of negligence at issue. Intervenors assert the right to recover any judgment against Defendant from the policy proceeds under the MCS-90 endorsement.

6.9    The policy also contains a Form F endorsement certification of the policy as proof of financial responsibility to provide under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto and amends the policy in accordance with the provisions of such law.

## VII.
## PRAYER

Intervenors N'Gai Browning and N'Gai Browning, as next friend of T.M., a minor child, pray that this Court declare that OOIDA has a duty to defend Defendant Williams and to pay any sums that he becomes legally obligated to pay Intervenors as a result of the underlying lawsuit. Intervenors pray for such other relief to which they may be entitled.

Respectfully submitted,

s/ Christopher Davis

Christopher L. Davis
State Bar No. 00792446
14679 Midway Road, Suite 103
Addison, Texas 75001
(214) 443-9900
(214) 443-9901 (Fax)
Designated Local Counsel (LR83.10)

&

**WILLIAM M. FUNK, ATTORNEY AT LAW**
William M. Funk
State Bar No. 00789822
1535 West Loop South Ste. 200
Houston, TX  77027
713-621-0575
713-621-0576 (Fax)
**ATTORNEYS FOR INTERVENORS,**
**N'GAI BROWNING AND N'GAI BROWNING,**
**AS NEXT FRIEND OF T.M., A MINOR CHILD**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint in Intervention was served on the following by United States Mail and electronic mail to counsel for the Plaintiff and other Intervenor, and via First Class United States Mail and certified United States Mail, return receipt requested to the Defendant on the 27th day of February 2007:

Thomas W. Fee
David C. Colley
Fee, Smith, Sharp & Vitullo, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX  75240

Derrick Shamoyne Williams
5902 Highcrest Drive
Garland, TX  75043

Julia Pendry
Attorney at Law
3030 LBJ Freeway, Ste. 700
Dallas, Texas 75234

s/ Christopher Davis

_____

Christopher L. Davis