IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OOIDA RISK RETENTION GROUP, INC., Plaintiff, | § § § | |
| v. | § § § § | C.A. NO. 3-06-CV-1745K ECF |
| DERRICK SHAMOYNE WILLIAMS, Defendant. | § § § | |

**PLAINTIFF'S RESPONSE TO INTERVENORS'
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, OOIDA RISK RETENTION GROUP, INC., Plaintiff in the above-styled and numbered cause of action (hereinafter "OOIDA"), by and through its attorney of record, and files this its Response to the Motion for Summary Judgment filed on behalf of Intervenors Edith Knighton and Terra-Moses White (hereinafter "Intervenors"), and in support hereof, would respectfully show the Court as follows:

**I.
SUMMARY OF RESPONSE**

Intervenors have moved for summary judgment in this declaratory judgment action filed by OOIDA to determine whether coverage exists under a commercial motor carrier liability policy on the grounds that: (1) OOIDA should take nothing on its claim that there is no coverage under the Policy for any damages awarded to Intervenors in *Terra Moses-White, as Next Friend of Brianna Lorraine White v. Derrick Shamoyne Williams (Edith Knighton, Intervenor)*, Cause No. CC-05-15352, pending in Dallas County Court at Law No. 4 ("the underlying lawsuit"); (2) Defendant Williams *is* insured

under the Policy for any damages awarded to Intervenors in the underlying suit, up to the Policy limits of $1,000,000.00; and (3) Plaintiff OOIDA is liable to pay damages awarded to Intervenors in the underlying suit up to the specified Policy limits of $1,000,000,00, due to the purported applicability of the MCS-90 Endorsement to the Policy.

Contemporaneously with the filing of this Response, OOIDA has filed a Brief in Support of its Response and an Appendix in Support of its Response to Intervenors' Motion for Summary Judgment. Both the Brief and the Appendix are incorporated herein by reference.

## II.
## BACKGROUND FACTS

Plaintiff OOIDA filed the instant declaratory judgment action seeking a judicial declaration that Commercial Motor Carrier Policy No. PL 19954512 A ("Policy") issued by OOIDA to Tony Moses d/b/a Slim Shady Express ("Moses" or "SSE"), a federally regulated interstate motor carrier under the Motor Carrier Safety Act duly authorized to conduct interstate trucking operations through permit/license issued by the U.S. Department of Transportation ("DOT"), does *not* provide liability coverage for Derrick Shamoyne Williams ("Williams"), the defendant in the underlying lawsuit which alleges that Williams was negligent in causing the death of Moses on September 8, 2005 when Williams, an employee/truck driver of SSE acting in the course and scope of his employment with SSE, who, along with Moses, was a tandem driver of a tractor-trailer unit transporting materials from Texas to Florida, lost control of the rig near the intersection of I-75 and I-10 in Florida. The tractor-trailer unit left the road, overturned and came to rest upside down at the bottom of a ravine, resulting in the death of Moses,

who was occupying the truck's sleeper berth at the time of the accident.

Intervenors seek a declaration that the OOIDA Policy does provide coverage for any judgment that may be entered against Williams in the underlying suit. For the reasons stated in this Response and OOIDA's Brief in Support, Intervenors' Motion for Summary Judgment should be denied.[1]

## III.
## SUMMARY JUDGMENT EVIDENCE

In support of this Response, OOIDA relies on the following summary judgment evidence contained in the Appendix to this Response (Exhibits A-C) which is being filed contemporaneously with this Response and incorporated herein by reference:

Appendix A—Copy of the Original Petition in *Terra Moses-White, as Next Friend of Brianna Lorraine White v. Derrick Shamoyne Williams (Edith Knighton, Intervenor)*, Cause No. CC-05-15352, in the Dallas County Court at Law No. 4 ("underlying lawsuit");

Appendix B—Copy of OOIDA Commercial Motor Carrier Policy No. PL 19954512 A; and

Appendix C—Excerpts from the oral deposition of Derrick Shamoyne Williams, dated July 25, 2006.

## IV.
## UNDISPUTED FACTS

OOIDA does not take issue with Intervenors' statement of "Undisputed Facts." *(Intervenors' Motion for Summary Judgment, Section III, ¶¶ 1-5)* However, there are additional facts material to this Court's determination of the coverage issues raised by the

---

[1] OOIDA's Counter Motion for Summary Judgment and Brief in Support will be filed with the Court the week of May 21, 2007.

pleadings and that are undisputed based on the summary judgment record before the Court, to wit:

1. At the time of Policy issuance and of the accident resulting in the death of Moses, the insured under the Policy, Tony Moses d/b/a Slim Shady Express, was a federally-regulated interstate motor carrier under the Motor Carrier Safety Act duly authorized to conduct interstate trucking operations through permit/license issued by the U.S. Department of Transportation ("DOT").

2. The Policy at issue is a public-liability Policy designed for use by interstate motor carriers such as Tony Moses d/b/a Slim Shady Express.

## V.
## **DISPUTED ISSUES OF LAW**

Because Intervenors' statement of "Undisputed Facts" omits the above-mentioned, undisputed facts regarding the insured's status as an interstate motor carrier subject to the Federal Motor Carrier Safety Regulations promulgated by the DOT, Intervenors have not adequately framed the issues of law for a proper determination of the instant declaratory judgment action. Accordingly, OOIDA maintains that the following issues of law are dispositive of the parties' respective claims for declaratory relief:

1. Was Williams a "statutory employee" of SSE at the time of the accident pursuant to the DOT regulations governing interstate motor carriers?

2. Was Moses, as owner-operator of SSE and a tandem driver at the time of the accident, a "statutory employee" pursuant to the DOT regulations governing interstate motor carriers?

3. Assuming Williams and Moses qualify as "statutory employees" under the

DOT regulations, do the Policy's "employee" exclusions apply to bar coverage for Williams in the underlying lawsuit?

4. Is the Policy's MCS-90 Endorsement rendered inoperative by virtue of the Endorsement's exclusion from coverage "injury to or death of the insured's employees while engaged in the course of their employment"?

## VI.
## RELEVANT PROVISIONS OF THE POLICY

The Policy includes general liability coverage under Section II — Liability Coverage, for a policy term of February 20, 2005 to February 20, 2006 and provides liability limits of $1 million.

The Policy provides the following coverage under Section II—Liability Coverage:

### SECTION II – LIABILITY COVERAGE

**A.  COVERAGE**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*

> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1.  WHO IS AN INSURED**

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow....

The Policy provides the following pertinent definitions:

### SECTION IV – DEFINITIONS

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage". One or more "accidents" or "losses" occurring as a result of a single event will be considered one "accident" or "loss".

B. "Auto" means a land motor vehicle, "trailer" or semi trailer designed for travel on public roads but does not include "mobile equipment".

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these, but shall not include libel, slander, defamation of character or invasion of privacy.

\*\*\*

F. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

G. "Insured", means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

\*\*\*

P. "Suit" means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage" or

2. A "covered pollution cost or expense",

to which this insurance applies, are alleged.

"Suit" includes:

    a.    An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

    b.    Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" submits with our consent.

The Policy also contains the following relevant exclusions:

**B.**    **EXCLUSIONS**

This insurance does not apply to any of the following:

    **1.**    **EXPECTED OR INTENDED INJURY**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

\*\*\*

    **3.**    **WORKER'S COMPENSATION**

    Any obligation for which the "insured" or the "insured's" insurer may be held labile under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

    **4.**    **EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**

    "Bodily injury" to:

        a.    An "employee" of the "insured" arising out of and in the course of:

            (1)    Employment by the "insured"; or

            (2)    Performing the duties related to the conduct of the "insured's" business or

    b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

  (1) Whether the "insured" may be liable as an employer or in any other capacity; and

  (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

***

**5. FELLOW EMPLOYEE**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

The Policy also contains several endorsements, including:

**OCCUPANT HARZARD EXCLUSION**

In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the covered automobile.

It is further agreed that, in the event the Company shall, because of provisions of the Federal or State statutes become obligated to pay any sum or sums of money because of such Bodily Injury or death resulting therefrom, the Insured agrees to reimburse the Company for any and all loss, costs and expenses paid or incurred by the Company.

(RPL 41 02 12 95)

**ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY UNDER SECTION 29**

### AND 30 OF THE MOTOR CARRIER ACT OF 1980

\*\*\*

### DEFINITIONS AS USED IN THIS ENDORSEMENT

**ACCIDENT** includes continuous or repeated exposure to conditions which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

**MOTOR VEHICLE** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

**BODILY INJURY** means injury to the body, sickness, or disease to any person, including death resulting from any of these.

**ENVIRONMENTAL RESTORATION** means restitution for the loss, damage, or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish, and wildlife.

\*\*\*

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. *Such insurance as is afforded for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment*, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency of bankruptcy of the insured. <u>However, all terms, conditions, limitations in the policy to which the endorsement is</u>

<u>attached shall remain in full force and effect as binding between the insured and the company</u>. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under provisions of the policy except for the agreement contained in this endorsement.

(MCS-90)

## VII.
## INTERVENORS' MOTION FOR SUMMARY JUDGMENT
## SHOULD BE DENIED

Intervenors contend, without support, that the Policy's "employee" exclusions set forth above, i.e., the "employee indemnification" exclusion and the "fellow employee" exclusion do not apply to defeat coverage because Williams was not an employee of SSE, and Moses was the insured, not an employee of the insured. However, Intervenors' position is contrary to controlling Fifth Circuit authority holding that, in light of the <u>purpose</u> of public-liability policies issued to federally-regulated interstate motor carriers, namely, to ensure that a financially responsible party will be available to compensate members of the "public" injured in a collision with a commercial motor vehicle, and the significance of the federal motor carrier safety regulations with which interstate trucking companies must comply to obtain and maintain an operating permit through the DOT, the federal regulatory scheme governs this Court's interpretation of the Policy's terms in determining whether coverage exists.

This includes the DOT regulation providing definitions for certain terms that appear throughout the regulations, including the term "employee," which, based on the facts of this case, renders both Williams and Moses, who were tandem drivers engaged in the operation of the tractor-trailer unit involved in the accident resulting in Moses' death, "statutory employees" for purposes of triggering the Policy's employee exclusions,

thereby negating OOIDA's duty to defend and indemnify Williams in the underlying lawsuit.

Consequently, the Policy's MCS-90 endorsement, which expressly excludes liability resulting from injury to or death of SSE's employees, including Moses, does not apply in this case. Simply put, Moses, a tandem driver of the vehicle who was occupying the truck's sleeper berth at the time of his death, was not a member of the "public" for whom the MSC-90 endorsement was enacted.

## VIII.
## CONCLUSION AND PRAYER

For the reasons stated above, Intervenors' Motion for Summary Judgment should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff OOIDA RISK RETENTION GROUP, INC. prays that that the Court deny Intervenors Edith Knighton and Terra Moses-White's Motion for Summary Judgment, and for such further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P.

/s/ **David C. Colley**
**DAVID C. COLLEY**
State Bar No. 04583600
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972/934-9100 phone
972/934-9200 [fax]

**ATTORNEY FOR PLAINTIFF**
**OOIDA RISK RETENTION GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2007, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas Dallas Division, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I also certify that on May 16, 2007, the foregoing document was served on the Defendant via First Class United States Mail and Certified United States Mail, Return Receipt Requested.

Julia F. Pendery
Law Office of Julia F. Pendery
3030 LBJ Freeway, Suite 700
Dallas, Texas 75234
*Attorney for Intervenors Edith Knighton,*
*as Next Friend of Brianna Lorraine White,*
*and Terra Moses-White, as Next Friend of*
*Brianna Lorraine White*

Christopher L. Davis
Law Office of Christopher L. Davis
14679 Midway Road, Suite 103
Addison, Texas 75001
*Attorney for Intervenor N'Gai Browning, as*
*Next Friend of Tony Moses, Jr., a Minor Child*

William M. Funk
Law Office of William M. Funk
1535 West Loop South, Suite 200
Houston, Texas 77027
*Attorney for Intervenor N'Gai Browning, as
Next Friend of Tony Moses, Jr., a Minor Child*

Derrick Shamoyne Williams
5902 Highcrest Drive
Garland, Texas 75043
*Defendant*

<u>**/s/ David C. Colley**</u>
DAVID C. COLLEY
