IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| OOIDA RISK RETENTION GROUP, INC., | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | |
| DERRICK SHAMOYNE WILLIAMS, | § | |
| Defendant, | § | Civil Action No. 3:06-CV-1745-K |
| v. | § | |
| EDITH KNIGHTON, TERRA MOSES-WHITE, as next of friend for Brianna Lorraine White, and N'GAI BROWNING, | § | |
| Intervenors. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (doc. 28). The Court **DENIES** the motion. The Court **vacates** its prior order (doc. 42) dated September 17, 2007, in which the Court denied Intervenors' Motion for Summary Judgment. For the following reasons, the Court **GRANTS** that motion.

I.  **Factual Background**

Plaintiff OOIDA Risk Retention Group, Inc. ("OOIDA") issued a Commercial Motor Carrier Policy to Tony Moses d/b/a Slim Shady Express ("Moses"). Moses was a federally regulated interstate motor carrier under the Motor Carrier Safety Act

authorized by a U.S. Department of Transportation permit/license to conduct an interstate trucking business. On September 8, 2005, Defendant Shamoyne Williams ("Defendant") was driving a tractor-trailer in Florida when he lost control of it. The truck ran off the road and overturned. Defendant survived, but Moses, who was in the sleeper berth at the time, was killed.

Intervenor Terra Moses-White ("Moses-White") filed an action in state court against Defendant, asserting he was negligent in causing Moses' death. OOIDA filed this action seeking a declaratory judgment that it does not owe Defendant a duty to defend him in the state court action because no coverage exists. Moses-White along with Edith Knighton and N'Gai Browning successfully intervened in this case.

## II.     Applicable Law

### A.     Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial; but, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id.* at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 255-57(1986). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantial assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Neither merely colorable evidence nor a mere scintilla of evidence can defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249-52. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

### B. Duty to Defend and to Indemnify

A federal court must apply the substantive law of the forum state in a diversity case. *Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n*, 783 F.2d 1234, 1240 (5th Cir. 1986). Under Texas law, an insurer's duty to defend is determined by the "eight corners" doctrine, or "complaint allegation rule"; in other words, the court looks only to the allegations in the pleadings and the language of the insurance policy. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 527 (5th Cir. 2004); *National Union Fire Ins. Co. of Pittsburgh, PA v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). Using this analysis, the allegations in the petition are liberally interpreted. *National Union Fire*, 939 S.W.2d at 141.

The "four corners" of the complaint must allege facts that, if taken as true, could possibly assert a claim within the scope of coverage in the "four corners" of the insurance policy; otherwise, an insurer is not legally required to defend a suit against its insured. *Northfield*, 363 F.3d at 528; *see Enserch Corp. v. Shand Morahan & Co., Inc.*, 952 F.2d

1485, 1492 (5th Cir. 1992) ("If any allegation in the complaint is even potentially covered by the policy then the insurer has a duty to defend its insured."). The court must look to the alleged facts in the pleadings, not the legal theories being asserted. *Northfield*, 363 F.3d at 528; *National Union Fire*, 939 S.W.2d at 141. Any doubt regarding the duty to defend is resolved in favor of the duty. *Northfield*, 363 F.3d at 528. However, if the only facts alleged are excluded from the policy's coverage, the insurer is not required to defend. *Id.* It is the insured's burden to establish that a claim is potentially within the scope of coverage. *Id.* Once the insured has established this, the burden shifts to the insurer to show "that the plain language of a policy exclusion or limitation allows the insurer to avoid coverage of all claims, also within the confines of the eight corners rule." *Id.*

The duty to indemnify is narrower than the duty to defend. *Lincoln Gen. Ins. Co. v. Aisha's Learning Center*, 468 F.3d 857, 858 (5th Cir. 2006). The duty to indemnify is generally not justiciable until a finding of the insured's liability is made. *Id.* at 858-59 (citing *Farmers Tex. County Mutual Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)). An insurer may have a duty to defend, but, once the facts are developed in the underlying lawsuit, have no duty to indemnify. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997).

III. Application of the Law to the Facts

In their motion for summary judgment, Intervenors Knighton and White ("Intervenors") contend Defendant is an "insured" under the Policy, thereby triggering

coverage and the duty to defend. OOIDA argues both Defendant and Moses were "statutory employees" at the time of the accident, therefore, the Policy's employee exclusions apply which preclude coverage. Intervenors argue any employee exclusions do not apply because Defendant was not an "employee" of Moses. Alternatively, Intervenors contend that even if an employee exclusion does apply, the Policy's Form F endorsement and MCS-90 endorsement would apply, requiring OOIDA to pay any judgment against Defendant. Alternatively, OOIDA argues the Policy's Occupant Hazard Exclusion ("OHE") applies in this case which would preclude coverage for Moses' death. Intervenors contend the OHE exclusion does not apply because it violates public policy.

**A.      Policy Language**

OOIDA issued Commercial Motor Carrier Policy No. PL19954512A ("Policy") to Moses d/b/a Slim Shady Express. The Policy provides coverage for bodily injury caused by an accident for which the insured would be liable:

> A.      Coverage
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> > 1.      Who is an Insured
> > The following are "insureds":
> > a.      You for any covered "auto".
> > b.      Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
> > (exceptions omitted as irrelevant)

The Policy also sets forth exclusions to coverage, including the following:

> 4. Employee Indemnification and Employer's Liability
> "Bodily injury" to:
>    a. An "employee" of the "insured" arising out of and in the course of:
>       (1) Employment by the "insured"; or
>       (2) Performing the duties related to the conduct of the "insured's" business or
>    b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.
>
> 5. Fellow Employee
> "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

The Policy defines "bodily injury" as including death. It defines "employee" as "a 'leased worker' [but] does not include a 'temporary worker'." The Policy also states there is no duty to defend an insured against a suit for bodily injury which is not covered by the policy.

### 1. Defendant as an "Insured"

Intervenors contend Defendant is an "insured" under the Policy, therefore, coverage is triggered. "Insured" is defined as "You for any covered 'auto'" or "Anyone else while using with your permission a covered 'auto' you own, hire or borrow". The record establishes that Defendant was driving the truck with Moses' permission. Therefore, he falls within the definition of "insured". From its responsive briefing, OOIDA does not dispute that Defendant falls within the definition of "insured". OOIDA argument centers on the premise that Defendant was an "employee" which

places him within at least one Policy exclusion. Accordingly, coverage and, therefore, the duty to defend have been triggered. The Court now addresses whether any exceptions to coverage exist.

2. **Employee Status**

OOIDA argues Defendant and Moses are both "statutory employees," therefore, exception 4 and/or 5 apply which defeat coverage. As previously set forth, exceptions 4 and 5 preclude coverage for bodily injury to an employee of the insured or a co-employee, respectively. The definition of "employee" is controlled by 49 C.F.R. section 390.5:

> Any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle, a mechanic, and a freight handler.

This definition has been held to eliminate the distinction between employees and independent contractors. OOIDA contends because Defendant was "a driver of a commercial motor vehicle," he is a "statutory employee" and that triggers the employee exceptions of the Policy.

The Court must first establish whether the record establishes Defendant's employment status. The underlying state court petition alleges the following facts:

> Plaintiff [Moses-White] would allow that on or about September 8, 2005, Defendant [Williams] was operating a motor vehicle near the intersection of SR-93 (Interstate 75) and SR-8 (Interstate 10) in

> Columbia County, Florida. Tony Gregg Moses was asleep in the vehicle's sleeper. Defendant was in the process of negotiating an exit/entrance ramp at a speed greater the [sic] reasonably prudent under the circumstances then and there existing. The vehicle turned on its side and rolled down an embankment. Tony Gregg Moses was crushed causing his death.

The petition is clearly silent on the issue of Defendant's employment status with Moses or SSE, which OOIDA admits in its briefing.

Despite the complaint's silence on Defendant's employment status, OOIDA contends the Court can go outside the "eight corners" of the complaint and insurance policy to determine this issue. OOIDA points the Court to a Fifth Circuit case in which, OOIDA contends, a "narrow extrinsic evidence exception" to the "eight corners" rule is established. OOIDA relies on the following language of the Fifth Circuit in *Northfield*:

> any exception would only apply in very limited circumstances: when it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap the merits of or engage in the truth or falsity of any facts alleged in the underlying case.

*Northfield*, 363 F.3d at 531. The Court does not agree with OOIDA's interpretation for more than one reason. First, once that language is read in its full context, it is clear the Fifth Circuit is merely stating its opinion as to what the Texas Supreme Court might do if faced with this question. The Fifth Circuit states, "its [our] *Erie* guess that the current Texas Supreme Court would **not** recognize any exception to the strict eight corners rule." *Id.* (emphasis added). The court goes on to admit it would be an unlikely situation in which the Texas Supreme Court would recognize such an exception. *Id.* The exception

OOIDA claims was clearly dicta.  Second, and more importantly, the exception permits extrinsic evidence only when initially determining whether coverage is implicated.  In this case, the issue of coverage has already been established.  What OOIDA asks the Court to do is permit the use of extrinsic evidence to establish an exception to the Policy applies.  Such use was not contemplated by the Fifth Circuit when it surmised in what situation the Texas Supreme would allow an exception.  *See id.*; *see also GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 309-310 (Tex. 2006).

For the reasons discussed *supra*, this Court will not go outside the "eight corners" of the Policy and the complaint.  *See National Union*, 939 S.W.2d at 141.  The summary judgment record shows that the issue of whether Defendant was an employee of Moses or SSE, statutory or otherwise, is not ascertainable.  Merely because Defendant was driving the tractor-trailer does not make him an "employee" under 49 C.F.R. § 390.5.  That definition states at the beginning that the individual must be "employed by an employer".  The record does not establish that Defendant was employed by Moses or SSE.

OOIDA also relies on *Consumers County Mutual Ins. Co. v. P.W. & Sons Trucking, Inc.*, to support its argument that Defendant was a "statutory employee." 307 F.3d 362 (5th Cir. 2002).  In its briefing, OOIDA states the Fifth Circuit held drivers of interstate commercial vehicles are "statutory employees"as a matter of law.  This is absolutely not true.  The facts established in the *Consumers County* opinion are clear that the two drivers involved in the accident were hired by the defendant trucking company.  Their

employment was on a "load-by-load" basis and both men held other jobs at the time. The Fifth Circuit's conclusion that the surviving driver was an employee of the defendant trucking company did not hinge on the fact that he was a tandem driver; rather, it was based on the fact that section 390.5, as it defines "employee", did away with any distinction between employee and independent contractor.

Because it cannot be determined whether Defendant was an employee of Moses or SSE, the Court concludes the employee exceptions in the Policy necessarily cannot apply to preclude coverage. Therefore, OOIDA cannot claim these exceptions negate coverage and the duty to defend.

D.  **Occupant Hazard Exclusion**

The OHE exclusion in the Policy reads:

> In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the covered automobile.
>
> It is further agreed that, in the event the Company shall, because of [a] provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such Bodily Injury or death resulting therefrom, the Insured agrees to reimburse the Company for any and all loss, costs and expenses paid or incurred by the Company.

Intervenors contend such an endorsement violates public policy and is, therefore, void. They argue it conflicts with state and/or federal statutes and regulations mandating minimum financial responsibility of motor carriers. OOIDA asserts the exclusion is

enforceable, but should the Court find it unenforceable, OOIDA's liability should be limited to the minimum amount Texas requires.

1.      Enforceability of Occupant Hazard Exclusion

The Texas Supreme Court has not yet addressed this issue; neither is there any guidance from the Fifth Circuit. This Court, then, must make an *Erie* guess as to how the Texas Supreme Court would rule if addressing this issue. The Texas Transportation Code requires motor carriers to maintain a minimum amount of liability insurance as set by the appropriate department. *See* TEX. TRANSP. CODE ANN. § 643.101(a) (Vernon 2006). The Texas Department of Transportation sets the minimum amount of liability insurance for motor carriers such as SSE at $750,000. *See* 43 T.A.C. § 18.16. The statute goes on to state that the liability insurance must be maintained "for bodily injury to or death of an individual". *Id.* By virtue of this compulsory liability insurance law, the Texas legislature has expressed its intention that these motor carriers be responsible for damages arising from their operation.

The Texas Supreme Court case addresses an analogous situation. giving this Court guidance in making an *Erie* guess. In *Nat'l County Mut. Fire Ins. Co v. Johnson*, 879 S.W.2d 1 (Tex. 1993), the court addressed whether a family member exclusion in an automobile insurance policy was enforceable. While driving his truck, the plaintiff collided with another vehicle. *Id.* at 1. Plaintiff's wife, a passenger in his truck, sustained injuries and later sued him for damages. *Id.* Plaintiff requested the defendant-insurance company defend him in that suit, which it refused citing the family exclusion

provision of the policy precluded any coverage. *Id.* The family exclusion provision specifically excluded from coverage any bodily injury to the insured or a family member of the insured. *Id.* at n.1. The court determined the exclusion was not consistent with legislative intent as evidenced by the statutory requirement that every vehicle be covered by a liability policy to cover potential losses arising from the operation of those vehicles. *Id.* at 2-3. The court concluded, "The exclusion prevents a specific class of innocent victims, those persons related to and living with the negligent driver, from receiving financial protection under an insurance policy." *Id.* at 3.

The OHE provision at issue here precludes any coverage for bodily injury, including death, if the person is "in or upon, entering or alighting from" the covered vehicle at the time. If the OHE provision applies in this case, OOIDA could escape any liability for the accident because Moses was in the tractor-trailer at the time of his death. This outcome would violate public policy, frustrating and conflicting with the legislature's intention embodied in the specific state statute regarding the minimum financial responsibility these motor carriers must maintain. *See id.* In effect, to permit this exclusion would make these drivers uninsured for claims involving a person injured or killed while in, upon, entering, or leaving the vehicle, in spite of the mandatory state requirement such insurance coverage be maintained. Consequently, the Court concludes the OHE violates Texas public policy of ensuring these motor carriers maintain a minimum amount of financial responsibility and is, therefore, invalid.

## 2. Liability Limits

Now the Court must decide whether OOIDA's liability should be limited to the minimum amount required by the State or whether the Policy's full limit should apply. In *Johnson*, the Texas Supreme Court addressed this issue. *Id.* at 3. The court concluded that because family member exclusion violated public policy, it was completely void and recovery was allowable for the amounts provided for by the policy. *Id.* This Court follows that reasoning in making its *Erie* guess and finds that because the OHE in the Policy is completely void, OOIDA's liability in this case is up to the $1,000,000 policy limits.

## E. MCS-90 Endorsement

Because the Court has found none of the Policy's exclusions applicable in this case, and the Court concludes that Defendant cannot be classified, as the summary judgment record establishes, as a "statutory employee," the Court need not address the MCS-90 Endorsement.

## F. Conclusion

The Court concludes coverage has been triggered and OODIA has a duty to defend Defendant; the duty to indemnify will be determined once the actual facts of the underlying suit are developed. None of the exclusions asserted by OOIDA are

applicable. The Court also concludes that the OHE exclusion is completely void; therefore, OOIDA's liability is up to the $1,000,000 policy limits.

**SO ORDERED.**

Signed March 25th, 2008.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE